Dated: October 26, 2026
New York, New York

SO ORDERED

HON. LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SARA RABINOWITZ, individually and on behalf of all others similarly situated,

Plaintiff,

v.

GOTO FOODS LLC and AUNTIE ANNE'S FRANCHISOR SPV LLC,

Defendants.

Case No. 1:26-cv-06047-LGS

**CONFIDENTIALITY STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER**

WHEREAS, the parties have agreed to the following terms of confidentiality, and the Court has found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate as "CONFIDENTIAL" any document or information, in whole or in part, if counsel determines in good faith that such designation is necessary to protect sensitive nonpublic commercial data or material, such as confidential or proprietary research, strategy, development, manufacturing, or other commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, marketing data, production data, matters relating to mergers and acquisitions or other corporate transactions, and pricing data, as well as sensitive personal data, such as personal identifiers, financial information, tax records, and employer personnel records.

2. Documents and information may be designated "ATTORNEYS' EYES ONLY" if they contain extremely sensitive CONFIDENTIAL material, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3. "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" documents and information will be held and used by persons receiving such information solely for purposes of this action and for no other purpose or proceeding.

4. Receiving parties must take reasonable precautions to protect material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" from loss, misuse and unauthorized access, disclosure, alteration and destruction, and must take reasonable and prompt remedial measures in the event of any loss, misuse, unauthorized access, disclosure, alteration or destruction. A receiving party shall not submit material designated as "CONFIDENTIAL" or

"ATTORNEYS' EYES ONLY" by another party into any open generative AI tool or platform that is available to the public.

5. Any material produced for settlement purposes, including any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material, shall only be used in the context of settlement discussions.

6. Any challenge to another party's designation of confidentiality shall be made within a reasonable time. Counsel for the parties shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court in accordance with Section III.C.3 of this Court's Individual Rules and Procedures for Civil Cases. Nothing in this Order constitutes an admission by any party that CONFIDENTIAL or ATTORNEYS' EYES ONLY material disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of CONFIDENTIAL or ATTORNEYS' EYES ONLY material. Nothing in this Order shall prevent a party from seeking greater protection for any document or information.

7. Information designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a. The requesting party(ies) and their counsel, including in-house counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

d. The Court (including persons having access to any CONFIDENTIAL material by virtue of his or her position with the Court);

e. Mediators or other alternative dispute resolution service personnel;

f. Court reporters, videographers, or professional legal services vendors to whom disclosure is necessary for this litigation;

g. The author or recipient of the document (not including persons who received the document in the course of litigation); and

h. Others by written consent of the producing party or on order of the Court.

8. "ATTORNEYS' EYES ONLY" documents and information shall not be disclosed to any person, except:

a. Counsel for the requesting party, including in-house counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. The Court (including persons having access to any ATTORNEYS' EYES ONLY information by virtue of his or her position with the Court);

d. The author or recipient of the document (not including persons who received the document in the course of litigation); and

e. Others by written consent of the producing party or on order of the Court.

9. Prior to disclosing or displaying "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material to any person falling within category 7c, 7e, 7f, 7g, 7h, 8d, or 8e above, counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A. The receiving party's counsel shall maintain signed copies of Exhibit A until 30 days after disposition of this litigation.

10. For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), a party may designate a document as containing CONFIDENTIAL material by placing or affixing the words "CONFIDENTIAL" on the document, or as containing ATTORNEYS' EYES ONLY material by placing or affixing the words "ATTORNEYS' EYES ONLY" on the document.

11. For information produced in native format and for any tangible items, a party may designate a document for protection under this Order by affixing in a prominent place in the file name or on the exterior of the container(s) in which the item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," or by indicating via separate slip sheet the Bates number and designation of each item so designated.

12. All deposition testimony taken in this case shall be treated as ATTORNEYS' EYES ONLY until 21 days after the transcript is delivered to any party or the witness. Within this time period, a party may serve a notice of designation to all parties of record as to portions of the testimony that are designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," and thereafter, those portions so identified shall be protected by the terms of this Order. After the expiration of the 21-day period, the transcript shall be treated only as actually designated, or, if no notice of designation is served, as not containing CONFIDENTIAL or ATTORNEYS' EYES ONLY material. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

13. Transcripts containing material designated "CONFIDENTIAL" or

"ATTORNEYS' EYES ONLY" shall have an obvious legend on the title page that the transcript contains such material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been so designated.

14. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not constitute a waiver of the right to designate such document or information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If later so designated, the document or information shall thereafter be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," subject to all the terms of this Order.

15. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

16. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, including without limitation electronically stored information ("ESI") shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding, except as provided in Federal Rule of Evidence 502(a). This Order shall be interpreted to provide the maximum protection allowed by Federal Rules of Evidence 502(d) and 502(e). The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable in these proceedings. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or other information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

17. If a party receives a subpoena or other legal process that calls for disclosure of any material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by another party, the party from whom disclosure is sought shall, by the third business day after receipt thereof, (i) give written notice by hand delivery and e-mail of such process or discovery request, together with a copy thereof, to counsel for the producing party; and (ii) cooperate to the extent reasonably feasible to permit the designating party to seek to quash such process or discovery request prior to any production.

18. Documents may be filed under seal only as set forth in Judge Schofield's Rule I.D.3.

19. At the conclusion of this litigation, "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" material, and any copies thereof, shall be promptly (and in no event later than 30 days after dismissal or entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected. This Order shall remain in force after this litigation concludes.

20. The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

SO STIPULATED AND AGREED.

Dated: October 23, 2026
New York, New York

| | |
|---|---|
| */s/ Philip L. Fraietta*______ | */s/ Terence N. Hawley*_____ |
| Philip L. Fraietta | Terence N Hawley |
| **BURSOR & FISHER, P.A.** | **REED SMITH LLP** |
| Counsel for Plaintiff | Counsel for Defendants |

**EXHIBIT A**

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Rabinowitz v. GoTo Foods LLC et al.*, Case No. 1:26-cv-06047-LGS (S.D.N.Y.), have been designated as confidential. I have been informed that any such documents or information labeled “CONFIDENTIAL” or “ATTORNEYS’ EYES ONLY” are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _________________, 20__

______________________________ ______________________________
Name (printed) Signature

Signed in the presence of:

_________________________________
(Attorney)